**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jack Woodward, Appellant,

v.

ArcelorMittal Georgetown, Inc., Employer, and New Hampshire Insurance Company, Carrier, Respondents.

Appellate Case No. 2016-000507

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2018-UP-020
Submitted November 1, 2017 – Filed January 10, 2018

―――――――――――

**AFFIRMED**

―――――――――――

Raymond Carl Fischer and William Stuart Duncan, both of Georgetown, for Appellant.

Francis Drake Rogers, III, Stephen Lynwood Brown, and Catherine Holland Chase, all of Young Clement Rivers, of Charleston, for Respondent ArcelorMittal Georgetown, Inc.

Francis Drake Rogers, III, of Young Clement Rivers, of Charleston, for Respondent New Hampshire Insurance Company.

―――――――――――

**PER CURIAM:** Jack Woodward appeals the decision of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel). He argues the Appellate Panel erred in finding (1) Woodward failed to give ArcelorMittal Georgetown, Inc. (ArcelorMittal) timely notice of his repetitive trauma injury; (2) Woodward failed to timely file his claim; (3) the equitable doctrine of laches barred Woodward's claim; and (4) Woodward failed to establish his work with ArcelorMittal caused his repetitive trauma injury. We affirm.[1]

We find the Appellate Panel did not err in finding Woodward failed to provide ArcelorMittal with timely notice of his repetitive trauma injury. *See* S.C. Code Ann. § 42-15-20(C) (2015) ("In the case of repetitive trauma, notice must be given by the employee within ninety days of the date the employee discovered, or could have discovered by exercising reasonable diligence, that his condition is compensable, unless reasonable excuse is made to the satisfaction of the commission for not giving timely notice, and the commission is satisfied that the employer has not been unduly prejudiced thereby."); *King v. Int'l Knife & Saw-Florence*, 395 S.C. 437, 444, 718 S.E.2d 227, 230 (Ct. App. 2011) ("An employee's obligation to report a work-related repetitive trauma injury is not triggered by the onset of pain but, rather, by the employee's diligent discovery that his condition is compensable."); *id.* at 444, 718 S.E.2d at 230-31 ("[A] work-related repetitive trauma injury does not become compensable, and the ninety-day reporting clock does not start, until the injured employee discovers or should discover he qualifies to receive benefits for medical care, treatment, or disability due to his condition."); *Bass v. Isochem*, 365 S.C. 454, 475, 617 S.E.2d 369, 380 (Ct. App. 2005) (providing in a repetitive trauma case, a claimant's ninety-day period to notify his employer of his injury is separate from the two-year statute of limitations period to file his claim); *id.* at 476, 617 S.E.2d at 380 ("Generally, the injury is not compensable if timely notice is not given.").

Because our decision on the issue of timely notice is dispositive, we need not address Woodward's remaining issues on appeal. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, KONDUROS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.